**Adam Lerma BARBOZA, Petitioner–Appellant,**

v.

**Tom L. CAREY, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 05–17217.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Sept. 29, 2006.

David M. Porter, Esq., FPDCA–Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Raymond Brosterhous, II, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: B. FLETCHER and BERZON,

---

1. Judge Rymer concurs in the judgment.

Circuit Judges, and TRAGER *, District Judge.

MEMORANDUM **

Adam Barboza appeals from an order issued by the District Court for the Northern District of California denying his petition for a writ of habeas corpus. Barboza argues that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 2253 and affirm the district court's denial of his petition for a writ of habeas corpus.

Given the parties' familiarity with the facts, we do not recount them in detail here. Barboza suffered a felony conviction for failure to appear, and the trial court found that he had suffered two prior felony convictions that counted as strikes for purposes of California's Three Strikes law. The court sentenced Barboza to a prison term of 25 years to life.

We review *de novo* a district court's denial of a habeas petition. *Reyes v. Brown,* 399 F.3d 964, 966 (9th Cir.2005). Barboza is entitled to habeas relief if the California Court of Appeal's decision regarding his Eighth Amendment claim was "contrary to, or involved an unreasonable application of, clearly established federal law." *See* 28 U.S.C. § 2254(d)(1). The "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle." *Lockyer v. Andrade,* 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). This principle requires a reviewing court to decide whether the harshness of a particular punishment gives rise to "an inference of gross disproportionality" vis-à-vis the nature of the crime for which a defendant has been sentenced. *Harmelin v. Michigan,* 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). "[S]uccessful challenges to the proportionality of particular sentences should be exceedingly rare." *Hutto v. Davis,* 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982).

We affirm the district court's order. Although the state of California's sentencing policy under Three Strikes may be not only inhumane but also misguided, under Supreme Court precedent, the facts of this case do not give rise to an inference of gross disproportionality. Barboza's triggering offense is a felony, *see* Cal.Penal Code § 1320.5, which the California legislature allows to trigger Three Strikes sentencing. *See* Cal.Penal Code § 667(e). The Supreme Court gives legislatures "broad discretion to fashion a sentence that fits within the scope of the proportionality principle." *Andrade,* 538 U.S. at 76, 123 S.Ct. 1166. Unlike the criminal histories in cases in which a sentence has been overturned as grossly disproportionate, Barboza's past strikes involved violence. *Cf. Solem v. Helm,* 463 U.S. 277, 297, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) ("all [of Helm's convictions] were nonviolent and none was a crime against a person"); *Ramirez v. Castro,* 365 F.3d 755, 768 (9th Cir.2004) (Ramirez's strikes "were nonviolent in nature").

We affirm the district court's holding that the California Superior Court's rejection of Barboza's claim was not an objectively unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See Andrade,* 538 U.S. at 77, 123 S.Ct. 1166

---

* The Honorable David G. Trager, Senior Judge, United States District Court for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(denying habeas relief to a repeat offender whose triggering offense was theft of videotapes worth approximately $150). The state court noted that the United States Supreme Court has not invalidated California's Three Strikes law, and it considered Barboza's current offense and strike convictions. Although the state court did not cite specific Supreme Court precedent, this is not "contrary to" or an "unreasonable application" of federal law unless the "reasoning [or] the result" of the state court opinion contradicts Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) ("Avoiding [being found to have ruled "contrary to" or to have "unreasonabl[y] appli[ed]" federal law] does not require citation of our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). The state court's determination that Barboza's sentence did not violate the Eighth Amendment of the United States Constitution does not "contradict" Supreme Court precedent. *See Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (upholding a 12 year to life sentence where the defendant had fraudulently obtained $120.75 in goods and had previously been convicted of fraudulently obtaining $80 in goods and writing a forged check for $28.36). The district court judgment is therefore

**AFFIRMED.**